OPINION
Defendant-appellant Shane Mitchell appeals from his conviction and sentence, following a guilty plea, for Robbery. Mitchell, who was sentenced to five years imprisonment, contends that the trial court abused its discretion by failing to give appropriate consideration to the statutory sentencing factors. Upon review of the record, we conclude that the trial court, although it made one finding that is not supported by the record, otherwise appropriately considered the statutory sentencing factors, that the sentence imposed is reasonable and not an abuse of discretion, and that the one erroneous finding was not likely to have affected the trial court's sentencing decision. Accordingly, the judgment of the trial court is Affirmed.
 I
Mitchell was one of four persons who robbed Domino's Pizza, 120 N. Sunset in Piqua, Ohio, a little after 1:00 a.m. Mitchell was the driver of the car, and remained in the car while the other three participants entered the store and effected the robbery. During the robbery, a Domino's employee, Bruce Landis, was hit on the forehead and cheek by one of the participants, leaving abrasions on the left side of Landis's forehead and his left cheek. The robbers left with $185 in cash, and a cash drawer insert worth $65, for a total of $250.
Mitchell and his confederates were arrested and charged with Robbery. Mitchell eventually pled guilty. Mitchell had filed a motion for treatment in lieu of conviction, but the trial court found him ineligible, presumably upon the grounds that he was a repeat offender, pursuant to R.C. 2935.36(E)(1).
The trial court ordered a pre-sentence investigation. Following a sentencing hearing, the trial court imposed a sentence of five years. From his conviction and sentence Mitchell appeals.
 II
Mitchell's sole assignment of error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO APPROPRIATELY CONSIDER THE FACTORS SET FORTH IN O.R.C. § 2929.12, ET SEQ.
Essentially, Mitchell contends that the trial court erred and abused its discretion by failing to consider statutory mitigating factors, and by finding, as a factor suggesting the likelihood of recidivism, a factor — that Mitchell had demonstrated a pattern of drug or alcohol abuse related to the offense and refuses to acknowledge the pattern or refuses treatment — that finds no support in the record.
With respect to the mitigating factors, these are set forth in R.C.2929.12(E), as follows:
 The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) The offense was committed under circumstances not likely to reoccur.
(5) The offender shows genuine remorse for the offense.
Mitchell has not directed us to anything in the record that would support a finding in his favor with respect to any of the above factors. The only possible factor that might apply — that the offender shows genuine remorse for the offense — is arguably suggested by Mitchell's statement at sentencing, ". . . I am sorry that that dude at Dominos got hurt," but we conclude that this is too weak to require a finding of genuine remorse. At most, it would show some slight remorse for the fact that one Domino's employee was physically injured, not remorse for the Robbery in general.
Unquestionably, none of the other mitigating factors finds support in this record.
With respect to the recidivism factors, the trial court listed three in its sentencing entry, as follows:
As To Recidivism Likely:
 1. Prior adjudication of delinquency or history of criminal convictions.
 2. Not rehabilitated to a satisfactory degree after being adjudicated delinquent or failure to respond favorably in the past to sanctions imposed for criminal convictions.
 3. Demonstrated a pattern of drug or alcohol abuse related to the offense and refuses to acknowledge the pattern or refuses treatment.
The first two findings quoted above are amply supported by the pre-sentence investigation report. With respect to the third finding, the record amply supports a finding of a demonstrated pattern of drug or alcohol abuse related to the offense, but we agree with Mitchell that there is nothing in the record to support the trial court's finding that he refuses to acknowledge the pattern or refuses treatment. He did file a motion for treatment in lieu of conviction. That is not necessarily dispositive of the issue, and it is nevertheless possible that he is refusing to acknowledge the seriousness of his drug and alcohol abuse, or that he is refusing treatment. However, there is nothing in the record that would support a finding to that effect.
Significantly, the trial court did not refer to this finding in its oral explanation, at the sentencing hearing, of its reasons for imposing the mid-range sentence of five years.[1] The trial court stressed Mitchell's extensive record of misdemeanor offenses, as well as the fact that a victim was physically injured in this offense. These factors appear to have been the ones that drove the trial court to its decision to exercise its discretion to impose a five-year sentence in the middle of the range of permitted sentences. Accordingly, although we agree that the trial court erroneously found that Mitchell was refusing to acknowledge the pattern of drug or alcohol abuse, or was refusing treatment, we conclude that this error was harmless.
Mitchell also disputes the trial court's finding that the victim suffered serious physical, psychological, or economic harm as a result of the offense. Although we agree with Mitchell that Domino's Pizza's loss of cash and property worth $250 cannot properly be deemed to constitute serious economic harm, the pre-sentence investigation report does reflect that one of its employees was hit, and sustained a physical injury in connection with the offense. It is not altogether clear how serious that physical injury was. Mitchell argues only that he should not be charged with that injury in assessing his sentence, because it was inflicted by another perpetrator. However, as the trial court explained to Mitchell at the sentencing hearing, Mitchell, having entered into a criminal enterprise with three other individuals, shares in the responsibility for the adverse impacts of that enterprise upon the victims thereof. Furthermore, in its oral explanation of the sentence, the trial court merely refers to the fact that a victim was hurt. From our reading of the transcript of the sentencing hearing, it appears that the most important factor in the trial court's sentencing decision was Mitchell's extensive record of misdemeanor offenses. These included the offenses of Disorderly Conduct, Criminal Trespass, Aggravated Menacing, Carrying a Concealed Weapon, Driving Under a Suspension, Theft, and Failure to Comply with the Orders of a Police Officer. The last two offenses were committed within the year preceding Mitchell's indictment for the offense of Robbery in this case.
In conclusion, we find no abuse of discretion in the trial court's decision to impose a sentence of five years imprisonment. Mitchell's sole assignment of error is overruled.
 III
Mitchell's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and GRADY, J., concur.
[1] Mitchell's offense, Robbery, is a felony of the second degree, for which the prison term is two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2).